UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Antonio Quizhpilema )<br>(A79 126 846) )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Andrea Quarantillo )<br>District Director, US CIS )<br>New York, New York )<br>)<br>Defendant. )<br>_____ ) | **JUDGE BUCHWALD**<br><br>**07 CV 10545**<br><br>RECEIVED<br>NOV 23 2007<br>U.S.D.C. S.D.N.Y.<br>CASHIERS |

### COMPLAINT FOR MANDAMUS

TO THE HONORABLE JUDGES OF SAID COURT:

Plaintiff, Antonio Quizhpilema, by his attorneys Wilens & Baker, P.C., for Lawful Permanent Residence claim for relief states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to 28 U.S.C. §1361 to redress the deprivation of rights, privileges and immunities secured to Plaintiff, by whom statutes jurisdiction is conferred, to compel Defendant to perform a duty Defendant owes to Plaintiff. Jurisdiction is also conferred by 5 U.S.C. §555 and 701 et seq, the Administrative Procedures Act, by unlawfully withholding or unreasonably delaying action on Plaintiff's application and has failed to carry out the adjudicative functions delegated to him by law with regard to Plaintiff's case.

2. This action is brought to compel Defendant and those acting under her to rule upon the application and petition filed by the Plaintiff.

### PARTIES

3. PLAINTIFF Antonio Quizhpilema is a citizen of Ecuador. He currently resides at 612 West 178th Street, Apt. 30, New York, NY 10033.

4. DEFENDANT, Andrea Quarantillo, is the District Director of the Citizenship and Immigration Services for the District of New York, and is charged by law with the statutory obligation to adjudicate Adjustment of Status applications.

## FACTS

5. Plaintiff filed an application for adjustment of status in or about September 2000.

6. He was interviewed by Defendant on or about December 5, 2005. He was then again interviewed by Defendant on or about March 7, 2007 pursuant to <u>Stokes v. INS.</u>

7. The normal and customary period prescribed by Defendant for adjudicating such applications in this District has long passed.

8. Defendant is admittedly inundated with adjustment applications such as Plaintiff's and has limited adjudication officers to adjudicate these applications.

9. This volume of cases is also why Defendant has established its own internal procedures to be able to schedule interviews in a timely manner and not to unnecessarily delay adjudication of the application.

10. Defendant has a legal obligation to notify the Plaintiff of her decision and if the application is denied, the reasons for the denial See 8 C.F.R. 245.2a(5)(i).

11. The adjudication of the application, Defendant's decision, therefore is not discretionary and must be rendered for 8 C.F.R. 245.2a(5)(i) mandates that (1) a decision be rendered and (2) that Plaintiff be notified of same and if denied, the reasons for the denial. One cannot notify one of a decision without first rendering same. Plaintiff does concede that the decision to grant or deny the application is discretionary.

## CLAIMS

12. Defendant willfully, and unreasonably has delayed in and has refused to, adjudicate the adjustment application of Plaintiff, thereby depriving Plaintiff of his statutory right to lawful permanent residence.

13. Defendant owes Plaintiff the legal obligation to adjudicate his adjustment of status application within a reasonable time and has unreasonably failed to perform that duty.

14. Defendant's failure to adjudicate Plaintiff's application has the effect of placing plaintiff in a status where he may be subject to Removal (Deportation) Proceedings; where his current status restricts his employment opportunities because of the uncertainty of his application and therefore is a direct financial detriment; where Plaintiff's current status requires him to pay a yearly fee Defendant to renew his authorization to work in the United States and is another financial detriment; where this delay has the effect of also delaying when he is eligible to apply for Naturalization.

15. Individuals with pending adjustment applications such as plaintiff's may also be restricted in their ability to travel outside of the United States, even with Defendant's grant of advance parole, due to recent legislation which would bar them from receiving their legal resident status due to their unlawful presence in the United Status.

16. Plaintiff has exhausted any administrative remedies that may exist.

WHEREFORE, Plaintiff prays that the Court:

(1) Compel Defendant and those acting under her to perform their duty and adjudicate Plaintiff's pending application;

(2) Grant such other and further relief as to this Court seems proper under the circumstances; and

(3) Grant attorney's fees and costs of court.

Respectfully submitted,
By: Spiro Serras, Esq.

(ID# SS/9232)

WILENS & BAKER, PC
Attorneys for Plaintiffs
450 Seventh Avenue
New York, NY 10123
212-695-0060

Dated: November 10, 2007